FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 17, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS R., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:23-CV-5124-ACE <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER <br><br> ECF Nos. 13, 18 |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 13, 18. Attorney Chad Hatfield represents Nicholas R. (Plaintiff); Special Assistant United States Attorney Thomas E. Chandler represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 17. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

//
//

ORDER GRANTING PLAINTIFF'S MOTION - 1

## JURISDICTION

Plaintiff filed an application for benefits on September 11, 2019, alleging disability since December 1, 2017. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Lori L. Freund held hearings on November 1, 2021, May 9, 2022, and September 9, 2022, and issued an unfavorable decision on September 29, 2022. Tr. 23-33. The Appeals Council denied review on June 30, 2023. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on August 31, 2023. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence

and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On September 29, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 23-33.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 1, 2017, through September 30, 2021, his date last insured. Tr. 25.

At step two, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder; generalized anxiety disorder with panic features; cervicalgia; and obesity. Tr. 25.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 26.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work, subject to the following limitations:

> [H]e could lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk at least six hours in an eight-hour workday; sit at least six hours in an eight-hour workday; occasionally climb ladders, ropes, scaffolds, ramps and stairs; occasionally balance, stoop, kneel, crouch and crawl; avoid concentrated exposure to extreme cold, extreme heat and excessive vibrations; avoid even moderate exposure to unprotected heights; simple and repetitive tasks with some detail but nothing complex; no interaction with the general public; occasional, superficial interaction with coworkers but with no tandem tasks; occasional changes in work setting; no fast-paced/timed assembly work.

Tr. 27.

At step four, the ALJ found Plaintiff could not perform past relevant work. Tr. 31.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, to include routing clerk, collator operator, and retail pricer. Tr. 32.

The ALJ thus concluded Plaintiff was not disabled since the application date through the date last insured. Tr. 33.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; (B) whether the ALJ properly evaluated Plaintiff's subjective complaints; (C) whether the ALJ properly

evaluated the lay witness testimony; (D) whether the ALJ erred at step three; and (E) whether the ALJ erred at step five.  ECF No. 13 at 5.

## DISCUSSION

A.    **Medical Opinions**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Plaintiff argues the ALJ misevaluated the opinion of Lora Van Arsdell, Psy.D.  ECF No. 13 at 8-13.  As discussed below, the Court agrees.

Dr. Van Arsdell examined Plaintiff on June 13, 2020, conducting a clinical interview and performing a mental status examination.  Tr. 419-23.  As relevant here, Dr. Van Arsdell opined Plaintiff's "[s]ustained concentration and persistence" and "[a]dapative skills and ability to tolerate stress are markedly impaired."  Tr. 423.  The ALJ found these opined limitations not persuasive.  Tr. 31.

The ALJ first discounted the doctor's opinion on the ground Plaintiff "saw Dr. Van Arsdell for the sole purpose of determining eligibility for social security benefits, and thus the prominent secondary-gain motivation he displayed undermines his statements to her."  Tr. 31.  However, the record indicates the opinion was based on clinical observations and does not indicate Dr. Van Arsdell found Plaintiff to be untruthful.  To the contrary, Dr. Van Arsdell explicitly observed that "[t]here is no indication of malingering or factitious behavior noted."  Tr. 421.  Therefore, this is no evidentiary basis for rejecting the opinion.  *Cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) (noting an ALJ does not validly reject a doctor's opinion "by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and

supports his ultimate opinion with his own observations"). Further, the ALJ's conclusion that Plaintiff exhibited "prominent secondary-gain motivation" lacks support from – and is indeed undermined by – the evidence the ALJ cited in support of it. For example, reasoning that Plaintiff failed to report "serious issues" relating to his activity level to his treating providers, Tr. 31, the ALJ merely cited treatment notes from two brief routine medication refill appointments, *see* Tr. 397-98, 426-27, neither of which had occasion to address Plaintiff's activity level, apart to note Plaintiff "is not working primarily because of his mental health issues," Tr. 398. The ALJ thus erred by discounting the opinion on this ground.

    The ALJ next discounted the doctor's opinion as inconsistent with "largely benign mental status findings" and Plaintiff's "minimal mental health treatment during the period at issue." Tr. 31. This finding is erroneous for two reasons. First, the ALJ merely provided citations to four exhibits (totaling 94 pages). An ALJ's rejection of a clinician's opinion on the ground that it is contrary to unelaborated evidence in the record is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating their conclusions, ALJs "must set forth [their] own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). The reviewing court need not comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). And second, the Ninth Circuit has long made clear that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). The ALJ thus erred by discounting the opinion on this ground.

Finally, the ALJ discounted the opinion as "inconsistent with the assessments of the DDS psychologists and Dr. Martinez, who had the benefit of reviewing more of the record." Tr. 31. This, too, is erroneous for two reasons. First, an ALJ may not reject a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen*, 100 F.3d at 1464) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.")). And second, there is no requirement examining doctors who perform one evaluation – and necessarily assess functioning at the time of the evaluation – review treatment notes. *See, e.g.*, *Walshe v. Barnhart*, 70 F. App'x 929, 931 (9th Cir. 2003) (stating "Social Security regulations do not require that a consulting physician review all of the claimant's background records"); *Xiomara F. v. Comm'r of Soc. Sec.*, 2020 WL 2731023, at *2 (W.D. Wash. May 26, 2020) ("There is no requirement an examining doctor review records prior to rendering an opinion."); *Chlarson v. Berryhill*, No., 2017 WL 4355908, at *3 (W.D. Wash. July 28, 2017) ("[N]ot reviewing plaintiff's prior medical records is not a legitimate basis for the failure to credit fully Dr. Czysz's opinion, as Dr. Czysz examined plaintiff and performed a MSE[.]"), *report and recommendation adopted*, 2017 WL 3641907 (W.D. Wash. Aug. 24, 2017); *Al-Mirzah v. Colvin*, 2015 WL 457800, at *8 (W.D. Wash. Feb. 3, 2015) ("This rationale, taken to its logical extreme, would allow for the rejection of any and all medical opinions rendered prior to the admission of the claimant's most recent treatment notes into the administrative record."). The ALJ thus erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting Dr. Van Arsdell's opinion.

ORDER GRANTING PLAINTIFF'S MOTION - 7

**B.     Subjective Complaints**

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints. ECF No. 13 at 16-20. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence, to include Plaintiff's course of mental health treatment. Tr. 29. However, because the ALJ erred by discounting Dr. Van Arsdell's opinion, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.[1]

The ALJ also discounted Plaintiff's testimony as inconsistent with his activities. In support, the ALJ noted Plaintiff "is a stay-at-home dad to his young son, he has no problems with personal care, he makes meals, does housework and yardwork, leaves his house every day, goes out alone, drives, shops in stores and online, manages financial accounts, [and] spends time with his family." Tr. 29. Plaintiff's activities are neither inconsistent with nor a valid reason to discount his allegations. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Vertigan v. Halter*, 260

---

[1] The ALJ relied on this same ground to discount the lay witness testimony. *See* Tr. 31. For the same reason discussed above, the Court concludes the ALJ erroneously discounted the lay witness testimony.

ORDER GRANTING PLAINTIFF'S MOTION - 8

F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.  One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).  Similarly, Plaintiff's activities do not "meet the threshold for transferable work skills."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603).  The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

## CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated the medical evidence, Plaintiff's testimony, and the lay witness testimony.  Plaintiff contends the Court should remand for an immediate award of benefits.  ECF No. 13 at 21-22.  Such a remand should be granted only in a rare case and this is not such a case.  The medical evidence, Plaintiff's testimony, and the lay witness testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal.  Further proceedings are thus not only helpful but necessary.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated the medical evidence, Plaintiff's testimony, and the lay witness testimony, the ALJ will necessarily need to reassess the step three finding – which was based on the ALJ's assessment of both the medical

evidence and Plaintiff's allegations – and determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's remaining assignments of error. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall reevaluate the opinion of Dr. Van Arsdell, reassess Plaintiff's testimony and the lay witness testimony, reevaluate Plaintiff's claims at step three, redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g). Therefore, **IT IS HEREBY ORDERED:**

    1.    Plaintiff's motion to reverse, **ECF No. 13**, is **GRANTED**.

    2.    Defendant's motion to affirm, **ECF No. 18**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED June 17, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE